18-1486-cr
United States v. Morillo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of February, two thousand nineteen.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 18-1486-cr

LUIS MORILLO,

*Defendant-Appellant*,

CERRONE HALL, JEFFREY CARVAJAL, RONNIE E. MEJIA,

*Defendants.*\*

------------------------------------------------------------------

\* The Clerk of Court is directed to amend the official caption as shown above.

---------------------------------------------------------------

FOR APPELLANT:                          Lucas Anderson, Rothman,
                                        Schneider, Soloway & Stern,
                                        LLP, New York, NY.

FOR APPELLEE:                           Rajit S. Dosanjh, Assistant
                                        United States Attorney, *for*
                                        Grant C. Jaquith, United States
                                        Attorney for the Northern
                                        District of New York,
                                        Syracuse, NY.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Luis Morillo appeals from a judgment of the District Court (Suddaby, C.J.)

sentencing him principally to 45 months' imprisonment and three years'

supervised release following his guilty plea to one count of conspiracy to commit

mail fraud and wire fraud.   We assume the parties' familiarity with the

underlying facts, the procedural history, and the issues on appeal, to which we

refer only as necessary to explain our decision to affirm.

Morillo raises three arguments on appeal, all of which we reject.

1. <u>The 16-Level Loss Enhancement</u>

In calculating Morillo's Sentencing Guidelines range, the District Court applied a 16-level enhancement pursuant to Section 2B1.1(b)(1)(I), after adopting a finding in the presentence report (PSR) that the tax scheme caused a total loss of about $2.8 million.   <u>See</u> App'x 112; PSR ¶¶ 32, 41.   Morillo argues that his sentence was procedurally unreasonable because there was insufficient evidence supporting the loss finding.   We disagree.   At sentencing, Morillo failed to object to the PSR's factual determination that the conspiracy resulted in a loss of over $2.8 million, or to the PSR's recommended 16-level enhancement based on that amount.   PSR ¶ 32; App'x 68-70, 101, 105-08.   We therefore review for plain error.[1]   <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 732–34 (1993); <u>United States v. Pescatore</u>, 637 F.3d 128, 141 (2d Cir. 2011); <u>United States v. Yu-Leung</u>, 51 F.3d 1116, 1121–22 (2d Cir. 1995).

---

[1] We conclude that Morillo's <u>pro se</u> letter submitted prior to sentencing could not reasonably have alerted the District Court that he was challenging the PSR's loss determination.   <u>See</u> App'x 92.   Furthermore, the District Court was under no obligation to accept a <u>pro se</u> submission where, as here, the defendant was represented by counsel.   <u>See</u> <u>United States v. Rivernider</u>, 828 F.3d 91, 108 (2d Cir. 2016).

Keeping in mind that we may affirm a sentencing enhancement "on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely," United States v. Broxmeyer, 699 F.3d 265, 287 (2d Cir. 2012) (quotation marks omitted), we conclude that the District Court did not plainly err in imposing the 16-level enhancement.[2] Taken as a whole, the evidence before the District Court supported a finding, by a preponderance of the evidence, that Morillo aided and abetted the entire tax fraud scheme, which caused undisputed losses of about $2.8 million. See App'x 53; see also United States v. Reifler, 446 F.3d 65, 96 (2d Cir. 2006); United States v. Stephens, 7 F.3d 285, 288 (2d Cir. 1993); U.S.S.G. § 1B1.3 cmt. n.4(A)(i), (B)(i) (2016).

---

[2] Morillo admitted in his plea allocution that he provided his co-conspirators with the computer that was used to perpetrate the fraud. The PSR advises that this occurred early in the conspiracy. And the uncontested evidence reflects that Morillo drove to Syracuse to participate in the scheme and was apprehended at the scene of the crime in a car containing fraudulent refund checks, while a bank record bearing his name was discovered in the other vehicle detained in the scheme.

## 2. The Downward Departure Motion

Next, Morillo argues that the District Court erred in failing to consider his request for a downward departure based on "family ties and responsibilities" under Application Note 1(B) of Section 5H1.6, or in failing to explain its denial of that request. A district court's decision not to depart downward is "within the court's broad discretion and rarely reviewed on appeal." United States v. Scott, 387 F.3d 139, 143 (2d Cir. 2004). "A district court is not obliged to give reasons for refusing to depart," and the absence of an explanation "does not support an inference that the district court misapprehended its scope of authority." Id.; see United States v. Brown, 98 F.3d 690, 694 (2d Cir. 1996). Here, our review of the record persuades us that the District Court (1) considered and rejected Morillo's arguments concerning his mother's health and his family, see App'x 111, 116, and (2) did not misapprehend its ability to grant a downward departure based on Morillo's family responsibilities. Brown, 98 F.3d at 694.

## 3. Explanation of Sentence

Finally, Morillo argues that the District Court did not adequately explain why it imposed a 45-month sentence. "[W]hen a judge decides simply to apply

5

the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). There were no special circumstances in this case that required a lengthy explanation, and the District Court's explanation here was adequate.

We have considered Morillo's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court